J-S72003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
         Appellee :
:
         v. :
:
WILLIAM RESCH, :
:
         Appellant : No. 1382 WDA 2013

Appeal from the PCRA Order Entered July 8, 2013,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0017058-2010

BEFORE:  BENDER, P.J.E., SHOGAN and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:**FILED DECEMBER 2, 2014**

I respectfully dissent.

Although Appellant entered into a negotiated plea agreement, he still was entitled to file a direct appeal wherein he could have challenged a very limited category of issues.  ***See Commonwealth v. Lincoln***, 72 A.3d 606, 609 (Pa. Super. 2013) ("Settled Pennsylvania law makes clear that by entering a guilty plea, the defendant waives his right to challenge on direct appeal all nonjurisdictional defects except the legality of the sentence and the validity of the plea.").  In his PCRA petition, Appellant claimed that plea counsel failed to file a direct appeal on Appellant's behalf, despite Appellant's request that counsel do so.  PCRA Petition, 10/26/2012, at ¶6.  On appeal, Appellant inartfully renews this argument.  Appellant's Brief at 13a-14a, 19a.

* Retired Senior Judge assigned to the Superior Court.

The Majority rejects this argument, concluding that "the record supports the PCRA court's conclusion that Appellant **did not prove** he requested an appeal and Attorney Coffey disregarded that request." Majority Memorandum at 9 (emphasis added). The PCRA court, however, did not provide Appellant with a hearing to allow him the opportunity to prove that he asked plea counsel to file a direct appeal.

In my view, a genuine issue of material fact exists as to whether Appellant asked plea counsel to file a direct appeal. Consequently, I would vacate the PCRA court's order and remand the matter with instructions to appoint new counsel for Appellant and to hold a hearing regarding Appellant's claim that plea counsel was ineffective for failing to file a direct appeal on Appellant's behalf.